IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ENERGY CONCEPTS, LLC, )
)
    Plaintiff, )
) Case No. 3:14-cv-02403
v. ) Senior Judge Haynes
)
DIRECT CAPITAL CORPORATION, )
)
    Defendant. )

**MEMORANDUM**

Before the Court is Plaintiff Energy Concepts, LLC's ("Energy Concepts") motion for remand (Docket Entry No. 9). Plaintiff contends that this action must be remanded to state court because the amount in controversy does not exceed $75,000.00 as required by 28 U.S.C. § 1332(a). Defendant, Direct Capital Corporation ("DCC"), filed a response (Docket Entry No. 12) contending that its counterclaim can be aggregated with the amount of damages sought by Plaintiff in order to satisfy the amount in controversy requirement. Defendant also contends that Plaintiff's potential recovery of attorneys' fees may be included to satisfy the amount in controversy requirement.

This action was initiated by a complaint filed in the Chancery Court for Davidson County, Tennessee on November 25, 2014, and is before this Court pursuant to Defendant's notice of removal filed December 29, 2014. (Docket Entry No. 1). Also on December 29, 2014, Defendant filed a counterclaim (Docket Entry No. 1-3) against Plaintiff in the Davidson County Chancery Court action. On January 1, 2015, following removal to federal court, Defendant filed an amended counterclaim (Docket Entry No. 4).

In essence, this is a breach of contract action arising out of Defendant's alleged breach of an agreement between Plaintiff and Defendant whereby Plaintiff agreed to deliver certain goods and

equipment to Defendant's customer. In its complaint, Plaintiff seeks monetary damages in the amount of $59,925. (Docket Entry No. 1-1, Davidson County Chancery Court Complaint at 4). Plaintiff is a Tennessee limited liability corporation with its principal place of business in Davidson County, Tennessee. Defendant, Direct Capital Corporation, is a corporation with its principal place of business in Portsmouth, New Hampshire. Plaintiff does not dispute that the parties are diverse. Thus, the sole issue before the Court is whether the amount in controversy in this action exceeds $75,000.00.

"A defendant wishing to remove a case bears the burden of satisfying the amount-in-controversy requirement." Everett v. Verizon Wireless, Inc., 460 F.3d 818, 822 (6th Cir. 2006). As a general rule, the sum alleged in the complaint controls, but where the plaintiff seeks "'to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000." Id. (quoting Gafford v. Gen. Elec. Co., 997 F.2d 150, 158 (6th Cir.1993)). The Sixth Circuit has stated that "the plaintiff's claim of damages does not require an absolute certainty of recovery; rather, it is sufficient if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount." Farrington v. Cox, No. 3:07–CV–220, 2007 WL 2138631, at *2 (E.D.Tenn. July 23, 2007) (citing Worthams v. Atlanta Life Ins. Co., 533 F.2d 994, 997–98 (6th Cir.1976)). "[C]oncern about encroaching on a state court's right to decide cases properly before it, requires [federal courts] to construe removal jurisdiction narrowly." Sanford v. Gardenour, No. 99-5504, 225 F.3d 659, 2000 WL 1033025, *3 (6th Cir. July 17, 2000) (citing Cole v. Great Atlantic & Pacific Tea Co., 728 F. Supp. 1305, 1307 (E.D. Ky. 1990)). Thus, "all doubts should be resolved against removal." Harnden v. Jayco, Inc., 496

2

F.3d 579, 581 (6th Cir. 2007) (citing Eastman v. Marine Mech. Corp., 438 F.3d 544, 549-50 (6th Cir. 2006)).

The Sixth Circuit has not definitively resolved the issue of whether damages sought by counterclaims should be counted in determining the amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332. See Gardenour, 2000 WL 1033025, at *3; CMS North America, Inc. v. De Lorenzo Marble & Tile, Inc., 521 F. Supp.2d 619, 622-24 (W.D. Mich. 2007). Yet, "the traditional rule has been that no part of the required jurisdictional amount can be met by considering a defendant's counterclaim to satisfy the amount in controversy requirement for removal jurisdiction purposes." Gardenour, 2000 WL 1033025, at *3 (citing Wright & Miller, 14C Fed. Prac. & Procedure. Juris. 3d 3735 (1998)). Moreover, "[t]he majority of Sixth Circuit district courts to confront the question have held that counterclaims should not be considered when determining the amount in controversy for purposes of removal jurisdiction . . ." CMS North America, 521 F. Supp.2d at 627-28 (citing Firestone Financial Corp. v. Syal, 327 F. Supp.2d 809, 810-11 (N.D. Ohio 2004) (collecting cases)).[1]

Defendant urges the Court to adopt the minority view articulated in Swallow & Associates v. Henry Molded Products, Inc., 794 F. Supp. 660 (E.D. Mich. 1992). There, the district court held that "consideration of the amount in controversy should include . . . the damages pled in a compulsory counterclaim." Id. at 663. The Swallow court places considerable emphasis on "the issue of fairness" in an effort to avoid "the ridiculous result that would sacrifice the choice of forum of the litigant with the greater monetary interest at stake." Id. at 662-63. Specifically, the Swallow court

---

[1]Courts of Appeals in other circuits have also held that counterclaims must be excluded from the determination of the amount in controversy. See Saint Paul Reins. Co. v. Greenberg, 134 F.3d 1250 (5th Cir. 1998); Ballard's Service Ctr., Inc. v. Transue, 865 F.2d 447 (1st Cir. 1989).

sought to prevent a situation in which a defendant, that possesses a compulsory counterclaim that independently satisfies the federal jurisdictional requirement, loses its federal forum when an opponent "rushes to a state court with a relatively insignificant claim that fails to meet jurisdictional requirements." Id. at 662. Yet, here, prior to Plaintiff filing this action in Davidson County Chancery Court, Defendant filed an action against Plaintiff in state court in Texas. See Docket Entry No. 12-1, Complaint in Direct Capital Corporation v. Julie Williams Insurance Agency, PLLC, et al., No. CV05296, 84th Judicial District, Hansford County Texas. Accordingly, the Court does not find the reasoning of Swallow persuasive under the circumstances of this action.

Moreover, in Gardenour, the Sixth Circuit declined to uphold the reasoning of Swallow, and instead affirmed the district court's determination that it had jurisdiction over the case based upon admissions contained within a Rule 26 disclosure that the claim was, in fact, worth more than the minimal jurisdictional amount. 2000 WL 1033025, at *3.[2]

Finally, as explained by the district court in Quality Management, LLC v. Time & Place World, LLC, several additional considerations make the majority approach persuasive:

> First, [s]uch a standard is consistent with the "well pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The competing approach of not requiring the jurisdictional amount to be met in the complaint flies in the face of

---

[2]The Court notes that, in addition to the issue of fairness, Swallow relies upon Fenton v. Freedman, 748 F.2d 1358, 1359 (9th Cir. 1984), a Ninth Circuit case that allowed the damages pled in a compulsory counterclaim to be included in the amount in controversy. Fenton was originally filed in federal court. Thus, Fenton involved original jurisdiction, rather than the basis for exercising removal jurisdiction. See Spectacor Management Group v. Brown, 131 F.3d 120, 125 (3d Cir. 1997) ("removal is governed by considerations inapplicable to cases involving the exercise of original jurisdiction."). Here, this action was originally filed in the Chancery Court for Davidson County, Tennessee and, subsequently, removed to this Court. Thus, the issue here is the basis for removal jurisdiction, rather than original jurisdiction.

4

the . . . rule. Second, requiring the amount in controversy to be determined solely on the basis on the plaintiff's complaint is consistent with the rule that defenses or counterclaims which implicate federal law are insufficient to confer federal jurisdiction. Third, the removal statute . . . does not provide that when a claim over which the federal courts would have original jurisdiction is brought as a counterclaim to otherwise non-removable claims, the entire action may be removed, which suggests that [i]f Congress had intended to allow the use of defendant's counterclaim in satisfying the jurisdictional amount, it would have explicitly stated so. Finally . . .

[f]ederal removal jurisdiction should not vary depending on the state in which claims have originally been brought. Consistent application of the rule that the complaint at the time of removal determines the amount in controversy, as does the complaint in cases originally brought in federal court, . . . provides litigants with beneficial certainty concerning the appropriate forum for resolution of their disputes. Certainty about the appropriate forum would assist in reducing cost and delay in civil litigation as parties would not be put to the necessity of challenging or defending removals based on the amount in controversy in a counterclaim.

521 F. Supp.2d 83, 85-86 (D.D.C. 2007) (internal citations omitted).

Taken together, these decisions suggest that the amount in controversy requirement, for the purpose of establishing the basis for exercising removal jurisdiction, should be determined by considering only the plaintiff's complaint. See Firestone Financial, 327 F. Supp.2d at 812. Accordingly, the Court declines to consider the damages sought by Defendant's counterclaim when determining the amount in controversy under 28 U.S.C. § 1332(a).

Defendant also contends that "if Energy concepts is able to point to a statute or contract permitting it to collect its attorneys' fees and costs of collection from DCC," Plaintiff's attorneys' fees will "easily exceed" the amount necessary to bring the amount in controversy above the $75,000 threshold. (Docket Entry No. 12, Defendant's Response to Motion to Remand at 8).

"As a general rule, attorneys' fees are excludable in determining the amount in controversy

5

for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees." Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 376 (6th Cir. 2007). In Williamson, the court allowed attorneys' fees, sought under the Tennessee Consumer Protection Act and bad faith statute, to be considered in determining whether state law claims under those statutes satisfied the amount in controversy requirement. Id. at 377. Yet, Defendant bears the burden of proof in satisfying the amount in controversy requirement. See Everett, 460 F.3d at 822. Here, Defendant does not identify any specific statute or contract that would expressly provide for the payment of Plaintiff's attorneys' fees in this action. Thus, the Court concludes that Defendant has not met its burden of establishing that the amount in controversy more likely than not exceeds $75,000 as a result of Plaintiff's potential recovery of attorneys' fees.

Finally, Plaintiff contends that it is entitled to attorneys' fees and costs under 28 U.S.C. § 1447(c), that provides that an order remanding the case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has explained that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, given the lack of Sixth Circuit precedent on this issue, Defendant's arguments were not objectively unreasonable. See CMS North America, 521 F. Supp.2d at 630-31. Thus, the Court declines to award Plaintiff fees and costs under § 1447(c).

Accordingly, because the Court declines to consider the damages sought by Defendant's counterclaim in determining the amount in controversy and looks solely to the claims and prayers for relief stated in Plaintiff's complaint (exclusive of interest and costs), the Court concludes that

the amount in controversy in this action falls below the required $75,000. As such, Plaintiff's motion to remand (Docket Entry No. 9) should be granted, and this action should be remanded to the Chancery Court for Davidson County, Tennessee.

An appropriate Order is filed herewith.

**ENTERED** this the 10th day of April, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Court